Ahmad v. International Business Machines Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of January, two thousand fourteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                  *Circuit Judges*.

_____

NIZAM AHMAD,

                  *Plaintiff-Appellant*,

            -v-                                          13-1704-cv

INTERNATIONAL BUSINESS MACHINES CORPORATION,

                  *Defendant-Appellee*.

_____

Appearing for Appellant:     Nizam Ahmad, *pro se*, Rockford, IL.

Appearing for Appellee:      Patricia M. Sabalis, Downs Rachlin Martin PLLC,
                             Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Nizam Ahmad, *pro se*, appeals from a March 28, 2013 judgment and order of the United States District Court for the District of Vermont (Reiss, *J.*) dismissing his claims related to his

2002 termination as untimely; denying his motion for reconsideration, and granting summary judgment to defendant-appellee International Business Machines Corporation ("IBM") on the remaining claims. The court also denied Ahmad's motion for default judgment or other sanctions arising out of IBM's alleged spoliation of evidence, and his motion to amend the second amended complaint. Ahmad challenges all of these decisions on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We also review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Generally, the denial of a motion for leave to amend the complaint is reviewed for abuse of discretion, *see Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), although where such a denial is based on rulings of law, it is reviewed de novo. *See Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir. 2011). We review a district court's rulings on motions for reconsideration and default judgment for abuse of discretion. *See Devlin v. Transp. Comm'ns Int'l Union*, 175 F.3d 121, 131-32 (2d Cir. 1999) (reconsideration); *Covino v. Vt. Dep't of Corr.*, 933 F.2d 128, 130 (2d Cir. 1991) (default judgment).

Upon such review, we find no error in the district court's decisions. As to the district court's dismissal of the Age Discrimination in Employment Act of 1967 ("ADEA") and 42 U.S.C. § 1981 claims of his second amended complaint, the district court properly concluded that both claims arising out of his 2002 termination were not timely filed, and properly deemed Ahmad's motion for reconsideration untimely pursuant to Rules 59(e) and 6(b)(2) of the Federal Rules of Civil Procedure. We also conclude that the district court did not abuse its discretion in denying Ahmad's motion for default judgment.

We also affirm the district court's dismissal of Ahmad's breach of employment contract claim, as there is simply insufficient record evidence to overcome the general rule that "an employee hired for an indefinite period of time is presumed to be an at-will employee." *Straw v. Visiting Nurse Ass'n and Hospice of Vt./N.H.*, 2013 Vt. 102, --- A.3d ---- (Oct. 18, 2013). We further conclude that the district court properly granted summary judgment on Ahmad's discrimination claims, as there was no genuine dispute in the record as to whether IBM's proffered reasons for his 2004 termination were pretextual. In addition, summary judgment was properly granted on the defamation claim, as it was based only on a "compelled self-publication" theory, which has not been recognized as a cause of action in Vermont. *See Raymond v. Int'l Bus. Machs. Corp.*, 954 F. Supp. 744, 755 (D. Vt. 1997).

We have considered Ahmad's remaining arguments and find them to be without merit. Accordingly, we affirm the district court's dismissal of Ahmad's second amended complaint and grant of summary judgment on his remaining claims, for the reasons set forth in the district court's thorough and well-reasoned opinion.

2

IBM moves to strike the brief and appendix Ahmad filed in September 2013; however, this Court granted Ahmad leave to file a corrected brief and appendix in October 2013. Ahmad filed the operative brief and appendix in November 2013. IBM's motion is thus DENIED as moot.

Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Appellee's motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk